IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENNY R. ELSTUN,                                    6:12-cv-01811-MA

                    Plaintiff,                    OPINION AND ORDER

        v.

COMMISSIONER SOCIAL SECURITY
ADMINISTRATION,

                    Defendant.

MAX RAE
P.O. Box 7790
Salem, Oregon 97303

        Attorney for Plaintiff

S. AMANDA MARSHALL
United States Attorney
ADRIAN L. BROWN
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204-2902

GERALD J. HILL
Office of General Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, Washington 98104

        Attorneys for Defendant

1 - OPINION AND ORDER

MARSH, Judge

Plaintiff seeks an award of attorney's fees in the amount of $12,751.76 under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A). The Commissioner objects to Plaintiff's attorney's fees application, arguing that an attorney's fees award is inappropriate because the Commissioner's litigation position was substantially justified and, in the alternative, the amount of fees requested is unreasonable. I find that the Commissioner's position was not substantially justified, but conclude that the requested fee award is unreasonable. Accordingly, Plaintiff's Application for Fees Pursuant to EAJA (#24) is granted in part and denied in part.

## BACKGROUND

Plaintiff filed applications for supplemental security income (SSI) and disability insurance benefits (DIB) on October 3, 2007, which were denied initially and upon reconsideration. Plaintiff then protectively filed the applications for DIB and SSI at issue in this case on April 13, 2009, alleging disability due to "[l]ower back and both legs and mental health problems." Tr. 205. Her applications were again denied initially and upon reconsideration. A hearing was held before an Administrative Law Judge (ALJ) on June 9, 2011, at which Plaintiff was represented by counsel and testified. On August 19, 2011, the ALJ issued a decision finding Plaintiff not disabled within the meaning of the Act. After the

Appeals Council declined review of the ALJ's decision, Plaintiff timely filed a complaint in this court.

Plaintiff raised eight independent substantive assignments of error in her appeal. The Court rejected seven of Plaintiff's eight arguments, but agreed with Plaintiff that the ALJ erred in failing to properly explain her consideration of a disability determination by Vocational Rehabilitation Services (VRS). Accordingly, the Court concluded that remand was necessary to permit the Commissioner to evaluate the omitted VRS disability determination and consider its effect on the RFC.

Plaintiff, as the prevailing party, subsequently filed the present application for attorney's fees under the EAJA. The Commissioner opposes the award of fees, arguing that her position was substantially justified, and therefore Plaintiff is not entitled to fees under the EAJA. In the alternative, the Commissioner argues that Plaintiff's attorney's fees award should be reduced because the amount of fees sought is unreasonable.

## DISCUSSION

### I.  Substantial Justification

Under the EAJA, a prevailing party is entitled to recover attorney's fees "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). "The test for whether the government is substantially justified is

one of reasonableness." Gonzales v. Free Speech Coalition, 408 F.3d 613, 618 (9th Cir. 2005) (internal quotation omitted). The government's position need not be justified to a high degree, but to a degree that could satisfy a reasonable person. Pierce v. Underwood, 487 U.S. 552, 563-66 (1988); Bay Area Peace Navy v. United States, 914 F.2d 1224, 1230 (9th Cir. 1990). A position is substantially justified if it has a reasonable basis in law and fact. Pierce, 487 U.S. at 565; Hardisty v. Astrue, 592 F.3d 1072, 1079 (9th Cir. 2010), cert. denied, ___ U.S. ___, 131 S.Ct. 2443 (2011).

The question is not whether the government's position as to the merits of plaintiff's disability claim was "substantially justified." Shafer v. Astrue, 518 F.3d 1067, 1071 (9th Cir. 2008). Rather, the relevant question is whether the government's decision to defend the procedural errors on appeal was substantially justified. Id. The government bears the burden of demonstrating substantial justification. Kali v. Bowen, 854 F.2d 329, 332 (9th Cir. 1988).

SSR 06-03p provides that while disability determinations by other governmental agencies are not binding on the Commissioner, such determinations "cannot be ignored and must be considered," and the ALJ "should explain the consideration given to these decisions" in the opinion. SSR 06-03p, available at 2006 WL 2329939, at *6-*7. As I noted in the Opinion and Order, the ALJ "clearly erred in

considering the VRS disability determination because she failed to explain the consideration it was given." Opinion and Order (#20) at 20. Moreover, such error was plainly not harmless, as the VRS determination contained limitations that were not otherwise accounted for in the RFC. Id. Thus, I conclude that the Commissioner's position did not have a reasonable basis in law and fact, and was accordingly not substantially justified. See Pierce, 487 U.S. at 565.

## II.  **Reasonableness of Requested Fees**

The "lodestar" method is used to calculate a reasonable attorney's fee under EAJA. Costa v. Comm'r Soc. Sec. Admin., 690 F.3d 1132, 1135 (9th Cir. 2012). "To calculate the lodestar amount, the court multiplies 'the number of hours reasonably expended on the litigation . . . by a reasonable hourly rate.'" Id. (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)) (ellipses in original). "[C]ounsel for the prevailing party should exercise 'billing judgment' to 'exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary' as a lawyer in private practice would do." Id. (quoting Hensley, 461 U.S. at 434). Generally, the court will defer to the "winning lawyer's professional judgment as to how much time" was necessary to litigate the case. Moreno v. City of Sacramento, 534 F.3d 1106, 1112 (9th Cir. 2008).

5 - OPINION AND ORDER

"The product of reasonable hours times a reasonable rate does not end the inquiry," as the court must also consider the results obtained. Hensley, 461 U.S. at 434. If the plaintiff prevails on "only some claims for relief," or if the plaintiff "achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." Id. at 434-36. On the other hand, "[w]here a plaintiff has obtained excellent results, [the] attorney should recover a fully compensatory fee," which in some cases may include an enhanced award. Id. at 435.

A.    **Reasonable Hours**

With respect to EAJA attorney's fees in social security cases, "twenty to forty hours is the range most often requested and granted." Costa, 690 F.3d at 1136. This range is relevant to determining the reasonableness of the fee request, but is only one factor among many to be considered in calculating a reasonable fee. See id.

Plaintiff's counsel claimed 68.09 hours of work expended on this case, of which counsel spent 40.94 hours writing Plaintiff's opening brief and 23.62 writing the reply brief. Declaration of Max Rae (#27) at 1-2. For the reasons that follow, I find that the hours claimed are unreasonable.

At the outset, I note that the 68.09 hours expended on this case are substantially greater than the number of hours billed in

6 - OPINION AND ORDER

a typical social security case. The administrative record in this case was 1,208 pages, a length that is above average, but not to an extraordinary extent. Transcript of Social Security Administrative Record (#12). Without a doubt, a reasonable attorney would require some additional time over and above a typical case to adequately review a record of such length, but the 68.09 hours expended is well beyond that which would be expected even considering the length of the record.

In addition, I note that while Plaintiff's briefing was quite lengthy, some of the arguments Plaintiff's counsel raised were frivolous. Of Plaintiff's eight arguments, a reasonable attorney would not have asserted the first, second, seventh, and eighth because they were frivolous. Plaintiff's first argument - that the ALJ erred by not reopening Plaintiff's prior application - was meritless because the ALJ did not ascribe any preclusive effect to the denial of the prior application and therefore *de facto* reopened the 2007 application. Plaintiff's second argument was also unreasonable, as Plaintiff asserted the ALJ erred by not including one of Plaintiff's symptoms - L5 radiculopathy - at Step Two even though the ALJ included the condition that caused the symptoms - degenerative disc disease at that step.

Much of Plaintiff's seventh argument - a collection of otherwise unrelated arguments concerning the RFC - was also meritless. First, Plaintiff's assertion that the ALJ failed to

limit Plaintiff's work attendance due to her need to attend medical appointments was unsupported by the record, as nothing in the record indicated necessary appointments could not be scheduled during non-working hours.  Second, Plaintiff's assertion that the ALJ was not properly qualified to limit Plaintiff to "unskilled work" in the RFC lacked any legal or factual basis.  Third, Plaintiff's assertion that the ALJ failed to properly consider the record was merely a restatement of prior arguments.

Plaintiff's eighth argument – that the vocational expert's testimony was inconsistent with the RFC – was also meritless because it inaccurately characterized the ALJ's RFC findings.  In total, these arguments accounted for approximately 12 of the 53 pages of briefing submitted by Plaintiff's counsel.  While an argument is not unreasonable simply because it does not ultimately prevail, I find that a reasonable attorney would have omitted these arguments.  Accordingly, I conclude hours were not reasonably expended developing these claims.

The remaining four arguments, while nonfrivolous, were not unusually complex.  Of these four arguments I find reasonable, Plaintiff prevailed on one.  While Plaintiff's winning argument concerned an issue that does not frequently arise in social security cases, and counsel is to be commended for finding and presenting it on review, the claim implicated a straightforward application of an administrative policy statement.  In addition,

the three nonfrivolous arguments on which Plaintiff did not prevail concerned issues that arise in the majority of social security cases this Court reviews. Accordingly, the presentation of these issues would not have required counsel to expend considerably more time than would be involved in a typical social security case.

Finally, I deduct 0.75 hours expended preparing a Rule 59(e) motion. This motion was unreasonable and caused solely by counsel's misunderstanding of the Court's Opinion and Order.

I conclude that the 68.09 hours billed by Plaintiff's counsel in this matter are unreasonable. As a result, I reduce by 25% the hours billed for drafting the opening and reply briefs in May and August of 2013. This reduction is roughly commensurate with the number of pages of briefing expended on frivolous arguments, and is additionally supported by the relatively routine nature of the nonfrivolous issues and extraordinarily high number of hours claimed by Plaintiff's counsel. Therefore, I reduce counsel's hours billed in May, 2013 to 30.71; the hours in August, 2013 to 17.72; and the hours in October, 2013 to 1.98. I leave undisturbed the 0.8 hours billed in October, 2012.

I note that the 51.21 total hours remaining after these deductions is still well above the high end of the twenty- to forty-hour range typical for social security cases. See Costa, 690 F.3d at 1136. This remaining number is justified by the length of the administrative record and the relative unusualness of the issue

9 - OPINION AND ORDER

on which Plaintiff ultimately prevailed, as well as by giving Plaintiff's counsel the benefit of the doubt.

**B.    Results Obtained**

Alternatively, I find that the narrow nature of the results obtained justifies a reduced reward.    Of the eight primary assignments of error raised, Plaintiff only prevailed on one.    The result was a remand to the Commissioner for consideration of one piece of evidence among a 1,208 page record - the VRS disability determination.    The Court affirmed the Commissioner's treatment of the remainder of the evidence, including the ALJ's consideration of the medical evidence, Plaintiff's testimony, and the lay testimony. Because the remand is narrowly limited to consideration of the VRS disability determination, I find that the results obtained were very limited.    Because it is appropriate to give Plaintiff's counsel the benefit of the doubt, however, I conclude that the limited results obtained serve as an alternative basis for the approximately 25% reduction in Plaintiff's attorney's fees award, and decline to further reduce the award.

**III. Calculation of Fee Award**

Defendant does not dispute, and I find reasonable, the hourly rates billed by Plaintiff's counsel.    Plaintiff is awarded attorney's fees as follows:

///

10 - OPINION AND ORDER

|                | OCT. 2012 | MAY 2013   | AUGUST 2013 | OCT. 2013 |
|----------------|-----------|------------|-------------|-----------|
| EAJA RATE      | $185.71   | $187.01    | $187.76     | $187.50   |
| HOURS BILLED   | 0.8       | 30.71      | 17.72       | 1.98      |
| MONTHLY FEES   | $148.57   | $5,743.08  | $3,327.11   | $371.25   |

Accordingly, Plaintiff is entitled to $9,590.01 in attorney's fees ($148.57 + $5,743.08 + $3,327.11 + $371.25).

## CONCLUSION

Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act (#24) is GRANTED IN PART and DENIED IN PART. Attorney's fees in the amount of $9,590.01 are awarded to Plaintiff pursuant to the EAJA.  Attorney's fees will be paid to Plaintiff's attorney, dependent upon verification that Plaintiff has no debt which qualifies for offset against the awarded fees, pursuant to the Treasury Offset Program.  See Astrue v. Ratliff, ___ U.S. ___, 130 S.Ct. 2521 (2010).  If Plaintiff has no such debt, the check shall be made out to Plaintiff's attorney and mailed to Plaintiff's attorney's office.

IT IS SO ORDERED.

DATED this *20* day of February, 2014.

Malcolm F. Marsh
United States District Judge

11 - OPINION AND ORDER